Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Poquito Mas Licensing Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POQUITO MAS LICENSING CORPORATION, a California Corporation,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>TACO BELL CORP., a California Corporation; and DOES 1-10, inclusive;<br><br>　　　　　　Defendant. | CASE NO. 8:13-CV-01933 DOC (JPRx)<br><br>**PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>**Hon. Jean P. Rosenbluth** |

1.　<u>Purposes and Limitations</u>.  The parties acknowledge that disclosure and discovery activity in this litigation are likely to involve production of information involving trade secrets, confidential business, financial, or proprietary information, or information subject to protection under California or federal law for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) is warranted.  Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that may be exchanged and/or produced in this case.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited

1  information or items that are entitled to treatment as "Confidential" or as "Highly
2  Confidential – Attorneys' Eyes Only" information or material.
3      2.   A party may designate as "CONFIDENTIAL" any material that is
4  considered in good faith to contain or disclose commercially sensitive and/or
5  proprietary information not otherwise known or available to the public or information
6  that the party is under a duty to preserve as confidential under an agreement with or
7  other obligation to another person/entity.
8      3.   A party may designate as "HIGHLY CONFIDENTIAL-ATTORNEYS'
9  EYES ONLY" any material that contains or discloses trade secrets and disclosure
10 would provide a competitive advantage to the other parties.  Such documents would
11 include but are not limited to pricing or planning information; forward-looking
12 strategic plans and any trade secret or other sensitive commercial, research or technical
13 information that the producing party believes in good faith should be afforded the
14 highest level of confidentiality by the Court.
15     4.   Any party may designate as "Confidential" or as "Highly Confidential –
16 Attorneys' Eyes Only" (by stamping the relevant page(s) or as otherwise set forth
17 below) any document or discovery response that the party considers in good faith to
18 contain information involving trade secrets, confidential business, financial, or
19 proprietary information, or information subject to protection under California or
20 federal law.  Where a document or response consists of more than one page, the first
21 page and each page on which such confidential information appears shall be so
22 designated.  Any document previously produced by a party in the course of this lawsuit
23 shall be subject to the terms of this Order if the party originally designated the
24 document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."
25     5.   A party may designate information disclosed during a deposition or in
26 response to written discovery as "Confidential" or "Highly Confidential – Attorneys'
27 Eyes Only" by so indicating in the responses or on the record at the deposition and
28 requesting the preparation of a separate transcript of such material.  Additionally, a

1  party may designate in writing, within ten (10) business days after receipt of discovery
2  responses or of the deposition transcript for which the designation is proposed, that
3  specific pages of the transcript and/or specific responses be treated as "Confidential"
4  or "Highly Confidential – Attorneys' Eyes Only".  Any other party may object to such
5  proposal, in writing or on the record.  If an objection is made, the parties shall follow
6  the procedures described in Paragraph 13 below.  After any designation is made
7  according to the procedure set forth in this paragraph, the designated documents or
8  information shall be treated according to the designation until the matter is resolved
9  according to the procedures described in Paragraph 13 below, and counsel for all
10 parties shall be responsible for marking all previously unmarked copies of the
11 designated material in their possession or control with the specified designation.
12      6.    All information produced or exchanged in the course of this case (other
13 than information that is publicly available) shall be used by the party or parties to
14 whom the information is produced solely for the purpose of this case.
15      7.    Except with the prior written consent of the other parties, or upon prior
16 order of this Court obtained upon notice to opposing counsel, information designated
17 as "Confidential" shall not be disclosed to any person other than the following
18 person(s):
19         a.    Counsel for the respective parties to this litigation, including in-
20 house counsel for any party to this litigation;
21         b.    Employees of such counsel deemed necessary by counsel for the
22 prosecution or defense of this litigation;
23         c.    Any officer, employee or agent of Poquito Mas directly involved in
24 the facts and circumstances underlying this case whose access to Confidential
25 information is necessary for the prosecution or defense of this litigation; any officer,
26 employee or agent of Taco Bell directly involved in the facts and circumstances
27 underlying this case whose access to Confidential information is necessary for the
28 prosecution or defense of this litigation; provided that each such person shall execute a

copy of the Certification attached to this Order before being shown or given any information.  Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon good cause shown;

   d. Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any information.  Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon good cause shown;

   e. Any authors or known recipients of the information designated "Confidential";

   f. The Court, court personnel, and court reporters; and

   g. Witnesses.  A witness shall sign the Certification before being shown a confidential document.  Information designated "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the information is represented or has been given notice that information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving such information shall be designated "Confidential" pursuant to Paragraph 5 above.  Witnesses shown information designated "Confidential" shall not be allowed to retain copies.

  8. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, certain information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person other than the following person(s):

   a. Outside Counsel for the respective parties to this litigation;

      b.      Employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

      c.      Outside Counsel for any agent of a party as described in paragraph 7(c) hereinabove, provided that each such counsel shall execute a copy of the Certification attached to this Order before being shown or given any information. Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Highly Confidential – Attorneys' Eyes Only" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon good cause shown;

      d.      Any authors or known recipients of the information designated "Highly Confidential – Attorneys' Eyes Only"; and

      e.      The Court, court personnel, and court reporters.

9.     Any persons receiving information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Protective Order.

10.     For any documents, pleadings, applications and/or motions submitted to the Court by any party that attach, quote from, or refer to the substance of documents or materials containing or consisting of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, the submitting party shall comply with the procedures for filing under seal set forth in Rule 79.5 of the Local Civil Rules of the United States District Court for the Central District of California and in Judge David O. Carter's Individual Rules of Practice.

11.     Nothing in this Order shall prevent a party from using any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material at trial or at a hearing. In advance of or at any such hearing or trial, a party or non-party may seek available relief from the Court, including relief limiting disclosure and the manner thereof, of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material during the

1  course of any such proceeding to persons authorized to receive disclosure by this
2  Order.
3      12.   Any party may voluntarily disclose to others without restriction any
4  information that was designated by that party alone as "Confidential" or "Highly
5  Confidential – Attorneys' Eyes Only," although a document may lose its confidential
6  status if it is made public.
7      13.   If a party contends that any designated material is not entitled to
8  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" treatment, such party
9  may at any time give written notice to the party or non-party who designated the
10 material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The
11 parties shall thereafter have ten (10) days to meet and confer in good faith in an
12 attempt to resolve the dispute regarding the challenged designations.  The party
13 challenging the designation may then bring a motion to challenge the designation of
14 the material in question in compliance with Rule 37-2 of the Local Civil Rules of the
15 United States District Court for the Central District of California within fourteen (14)
16 days of the parties' conference of counsel concerning said motion.  Unless otherwise
17 proscribed by law, the party or non-party that designated the material "Confidential" or
18 "Highly Confidential – Attorneys' Eyes Only" has the burden of establishing that the
19 document is entitled to protection.  The material shall be treated as "Confidential" or
20 "Highly Confidential – Attorneys' Eyes Only," as originally designated, until and
21 unless the Court determines that it is not entitled to such protection.
22     14.   Notwithstanding any challenge to the designation of material as
23 "Confidential" or "Highly Confidential – Attorneys' Eyes Only," all designated
24 documents shall be treated as such and shall be subject to the provisions of this Order
25 unless and until one of the following occurs:
26     a.   The party or non-party who claims that the material is
27 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" withdraws such
28 designation in writing; or

1          b.    The Court rules the material is not properly designated as
2 "Confidential" or "Highly Confidential – Attorneys' Eyes Only."
3       15.    All provisions of this Order restricting the communication or use of
4 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or
5 information shall continue to be binding after the conclusion of this action, unless
6 otherwise agreed or ordered.  Upon conclusion of the litigation, including any appeals,
7 a party in the possession of "Confidential" or "Highly Confidential – Attorneys' Eyes
8 Only" material or information, other than that which is contained in pleadings,
9 correspondence, and deposition transcripts, shall either (a) return such documents no
10 later than thirty (30) days after conclusion of this action to counsel for the party or
11 non-party who provided such information, or (b) destroy such documents within the
12 time period upon consent of the party who provided the information and certify in
13 writing within thirty (30) days that the documents have been destroyed.
14       16.    Nothing in this Protective Order shall be deemed to limit, prejudice, or
15 waive any right of any party or person (a) to resist or compel discovery with respect to,
16 or to seek to obtain additional or different protection for, material claimed to be
17 protected work product or privileged under California or federal law, material as to
18 which the producing party claims a legal obligation not to disclose, or material not
19 required to be provided pursuant to California law; (b) to seek to modify or obtain
20 relief from any aspect of this Protective Order; (c) to object to the use, relevance, or
21 admissibility at trial or otherwise of any material, whether or not designated in whole
22 or in part as Confidential material governed by this Protective Order; or (d) otherwise
23 to require that discovery be conducted according to governing laws and rules.
24       17.    Any witness or other person, firm, or entity from which discovery is
25 sought may be informed of and may obtain the protection of this Order by written
26 advice to the parties' respective counsel or by oral advice at the time of any deposition
27 or similar proceeding.
28

18. Designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

19. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any party or person with respect to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material designated by that Party.

**IT IS SO ORDERED.**

Date: May 12, 2014

*[signature]*

Honorable Jean P. Rosenbluth   **United States Magistrate Judge**

# CERTIFICATION

I hereby certify my understanding that information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Poquito Mas Licensing Corporation v. Taco Bell Corp.*, Case No. CV 13-01933 DOC (JPRx) (C.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to anyone, except as allowed by the Order. I will maintain all such information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" – including copies, notes, or other transcriptions made there from – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" – including copies, notes, or other transcriptions made from that information – to the counsel who provided me with the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". I hereby consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the Protective Order.

DATED:   _____       _____
                                     Signature

                                     _____
                                     Printed name